IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| THOMAS M. ADAMS, JR., *pro se* <br> A/I/F for Darren T. Adams | § <br> § <br> § <br> § | |
| vs. | | NO. 7:07-CV-033 - R |
| SMITH & WESSON CORP., et al. | | |

## MEMORANDUM AND ORDER

By Motion filed February 28, 2007, Defendants, **Smith & Wesson Corp. and Howa Machinery, Ltd. of Japan**, raised the issue of the capacity of Thomas M. Adams, Jr. to represent the interests of his son, Darren T Adams, before this Court. As a result of the Rule 26(f) telephone conference, I entered an order pursuant to Rule 17(a) that Darren T. Adams, the real party in interest, either ratify or reject the commencement of the action by and on his behalf by his father, or, in the alternative, that on motion of Plaintiff or Defendants, the Court would consider appointment of guardian ad litem. The deadline for such action has passed, but the Plaintiff has done neither. Nor have the Defendants filed such a motion.

During the telephone conference hearing, Thomas M. Adams, Jr. represented to the Court that his son, Darren T. Adams, was "incompetent," although he had not been so adjudicated by any court, but was bodily and/or mentally infirm to an extent that he could not care for his own interests. With regard to such incompetent or impaired persons, Rule 17(c) provides that an "...incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." The term "incompetent" as used in Rule 17 is undefined as to whether it requires a definitive adjudication of incompetency by a court. Subsection (b) of Rule 17 provides that "the capacity of an individual, other than one acting in a representative capacity, to sue shall be determined by the law of the individual's domicile." Texas courts have held that an adult, though not adjudicated incompetent, but incapable of

caring for his (her) own interests by reason of mental or bodily infirmity, may be represented by <u>next friend</u>. *Kaplan v Kaplan*, 373 S.W.2d 271 (Tex.Civ.App.-Houston, 1963, reh. den.) citing *McGinnis v McGinnis*, 267 S.W.2d 432 (Tex.Civ.App.-San Antonio, 1954, reh. den.); *See also* 57 Tex Jur 3d, "Parties" § 21, p. 65, which states "[A] party, though not a minor, need not be insane in order to be entitled to sue by next friend and, a fortiori, he or she need not have been adjudged insane."

In *McGallon v Livingston*, 453 F.3d 268 (5th Cir. 2006), the court addressed a standard by which the "incompetency" or lack of capacity were to be measured, saying "In Texas, the standard is whether individuals, 'by reason of mental or bodily infirmity [are] incapable of properly caring for their own interests in the litigation'" citing *Lindly v Lindly*, 102 Tex. 135, 141, 113 S.W. 750 (1908) and *Berger v. Berger*, 578 S.W.2d 547, 549 (Tex. Civ. App.-Houston [1st Dist.], no writ).

As a general rule, a federal court cannot appoint a guardian ad litem in an action in which the incompetent is already represented by somebody who is considered appropriate under the law of his forum stated. Volume 6A, Wright & Miller, <u>Federal Practice and Procedure</u>, Sec. 1570, p. 497.

This presented the question of whether the Plaintiff's father could continue his representative capacity as next friend or a guardian ad litem should be appointed. Under Texas state court decisional authority, Plaintiff's father, as next friend, is a proper representative to bring the lawsuit on behalf of his incapacitated, though not *non compos mentis*, son.

The issue thus turns upon whether the son, the real party in interest, is truly incapacitated to the extent of being unable to care for his own interests in this litigation. If not so incapacitated, then he must either ratify the action brought by his father or reject it. If he is so incapacitated, then this Court must determine whether his father should be permitted to prosecute this action as "next friend" for his son, or whether the preservation of the son's interests mandates the appointment of a guardian ad litem.

The Fifth Circuit has addressed these issues in two cases: *Thomas v Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990) in which Judge Higginbotham reasoned that before appointing a guardian ad litem,

the district court must first determine that the real party in interest (minor or incompetent) lacks "the capacity to litigate under the law of [their] domicile." With respect to an adult, the court mandated that the district court conduct a hearing as to the individual's "capacity."

Since neither the Plaintiff nor his father has responded to the Court's Order of March 13, 2007 either to ratify or reject the action being brought, or by seeking appointment of a guardian ad litem, the Court on its own initiative will conduct a hearing as to the son's "competency" or "capacity." The hearing will be conducted in Room 222, U. S. District Court, 1000 Lamar, Wichita Falls, Texas, on April 12, 2007 commencing at 3:00 o'clock, P.M. Thomas M. Adams, Jr. is ordered to appear at said hearing, together with his son, Darren T. Adams. The Clerk is directed to issue a summons for each. Failure to appear as directed may result in the dismissal of Plaintiff's action herein.

**IT IS FURTHER ORDERED** that all pre-trial deadlines are hereby suspending pending resolution of this matter.

**IT IS SO ORDERED**, this 26th day of March, 2007.

_____
**ROBERT K. ROACH**
**UNITED STATES MAGISTRATE JUDGE**